UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL MALOTT #467434,

    Plaintiff,

v.                                    Case No.  2:17-cv-00079
                                          HON. JANET T. NEFF

UNKNOWN LACROSSE,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff filed his complaint against Defendants Lacrosse, Derry, and Isard. Plaintiff claims that Defendants violated his Eighth and Fourteenth Amendment rights. Plaintiff alleges that he was denied protection from an inmate assault and, after the denial, he was assaulted by an inmate. Defendants filed a motion for Rule 37(d) and Rule 41(B) dismissal for Plaintiff's refusal to appear and answer questions during a scheduled deposition. (ECF No. 34). Plaintiff filed a "motion to inform the court of AG Simmons actions and ask for another deposition" (ECF No. 33) and a "motion to compel, request for new counsel and motion in response to Defendants' motion to dismiss case due to deposition issues" (ECF No. 37).

On April 22, 2016, Plaintiff asked Defendant Lacrosse for protection because he believed he was in danger of an inmate assault from inmate Miller. Defendant Lacrosse stated that he didn't believe that Plaintiff was in danger and that Plaintiff was a big guy who did not need protection. On April 25, 2016, Plaintiff spoke with Defendants Derry and Lacrosse, who informed Plaintiff that they would not put in a request for protection because it would be a waste of time. Plaintiff spoke with Defendant Deputy Warden Isard on April 26, 2016. Defendant Isard told Plaintiff that he would consider a protection request if Plaintiff could convince Defendant Lacrosse

that protection was necessary. Plaintiff requested protection from Defendants Derry and Lacrosse that day.  The next day, Plaintiff was attacked by "gang member Miller #591317" who struck Plaintiff with a padlock several times.  Plaintiff was taken to the Emergency Room where he received several stiches in his head.

Counsel for Defendants scheduled Plaintiff's deposition by video teleconference for June 1, 2018 at 9:00 am, believing that Plaintiff was confined at the Saginaw Correctional Facility. (ECF No. 18).  The deposition was not conducted because Plaintiff had been transferred to a different prison.  Counsel sent a second notice of a video teleconference deposition for July 2, 2018 at 2:00 pm.  Plaintiff would participate from the Earnest C. Correctional Facility, and counsel and a court reporter would participate from Lansing.  (ECF No. 24 and No. 35-2).

A review of the deposition transcript dated July 2, 2018, reveals that Plaintiff was sworn in and then refused to cooperate, asserting that he had not received the discovery he requested from Defendant.  Defendants' counsel stated that the Court would rule on Plaintiff's discovery motions and that Plaintiff's deposition was a separate matter.   Plaintiff stated:

> What it means is if you're not going to cooperate with me, if you're going to try to hinder my case and stop me from being able to prove that your clients denied me protection when I was entitled to it, then I'm not going to help you by answering questions because this don't make no sense. I believe we need to get the court and us on the same line and we need to resolve this now because - -

(ECF No. 35-3, PageID.171).  Defense counsel explained to Plaintiff that if he believed that she failed to properly answer his discovery requests, that Plaintiff needed to file a properly supported motion to compel with the Court in accordance with the Court Rules.  After some discussion whether the deposition could proceed, Plaintiff agreed to answer the deposition questions. However, Plaintiff subsequently refused to participate in the deposition because he believed that

defense counsel asked questions that were not relevant to his complaint.  Plaintiff stated that he would only answer questions that he believed were relevant to his complaint.  As a result, the deposition was terminated.

Plaintiff's refusal to answer deposition questions was improper.  Plaintiff may object to the relevance of a question during his deposition, to preserve the objection, but he must still answer the question.  If a party refuses to answer a question, he may be subjected to sanctions for his improper refusal.  Plaintiff believed that he had the right to refuse to answer questions because he believed that Defendants improperly answered his discovery questions.  Plaintiff's recourse was to file a motion to compel further answers to his discovery requests.  Plaintiff did that.  Plaintiff did not have the right to refuse to participate in discovery.

As noted by Defendant, Fed. R. Civ. P. 37(d)(1)(A)(I) specifically provides that when a party fails to attend his own deposition after being properly notified he or she may be sanctioned by the court.  Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) and 37(d)(3), sanctions may include dismissal.  In addition, Fed. R. Civ. P. 41(b) provides that where a Plaintiff fails to prosecute or to comply with the rules or a court order, a defendant may move to dismiss the action or any claim against it.

The Sixth Circuit addressed this issue in *Woodson v. Morris*, 70 F.3d 1273 (6th Cir. 1995).  In *Woodson*, the court noted that the plaintiff had adequate advance notice of the date of the deposition, but willfully refused to participate in the deposition.  The court held that the district court properly granted the defendant's motion for dismissal pursuant to Fed. R. Civ. P. 37 and 41(b).  Dismissal is appropriate where Plaintiff fails to attend an ordered deposition.  *Voit v.*

*Jefferson County Sheriff's Dep't*, 31 F. App'x. 189 (6th Cir. 2002).  It is not an abuse of discretion for the trial court to impose sanctions due to a party's failure to participate in discovery:

> Rule 37(b)(2) authorizes a district court to enter a default judgment and dismiss a case where the sanctioned party failed to obey an order to provide or permit discovery. This court considers four factors in assessing the appropriateness of the district court's decision to dismiss a complaint: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Harmon [v. CSX Trsp., Inc.],* 110 F.3d [364] at 366–67 [(6th Cir. 1997)]. Pre-dismissal warning of the sanction is pivotal to the determination of willfulness. *See Harris v. Callwood,* 844 F.2d 1254, 1256 (6th Cir.1988). Dismissal with prejudice "should be imposed only if the court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault." *Beil v. Lakewood Eng'g & Mfg. Co.,* 15 F.3d 546, 552 (6th Cir.1994).

*Wittman v. Wilson*, 95 F. App'x 752, 754 (6th Cir. 2004).  Plaintiff in this case asserts that he never received written notice but found out about the deposition only after he was released from the hospital.  Plaintiff never notified the defense counsel or the Court that he needed more time to prepare for his deposition or that he failed to receive proper notice.  The Court presumes that Plaintiff has knowledge regarding the facts of the case.  Plaintiff has not explained that he needed additional time to prepare for his own discovery deposition.  Nevertheless, under the circumstances of this case, it is the opinion of the undersigned that dismissal is not appropriate.  Defendants ask for costs and fees associated with Plaintiff's failure to participate in the deposition.  It is the opinion of the undersigned that requiring Plaintiff to pay for the costs of the court reporter is an appropriate sanction.

Plaintiff requests a new deposition. However, Defendants will decide whether to depose Plaintiff. Plaintiff cannot compel Defendants to take his deposition. Similarly, Defense counsel has not acted improper and Plaintiff cannot force Defendants to choose new counsel.

Accordingly, it is recommended that Defendants' motion to Dismiss (ECF No. 34) be DENIED. It is further recommended that Plaintiff be ordered to pay the Court Reporter costs, which include the cost of the transcript used in this motion. It is further recommended that Plaintiff's motions for a new deposition and to dismiss counsel (ECF No. 33 and No. 37) be DENIED.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

        /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   September 12, 2018