UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL MALOTT #467434,

    Plaintiff,

v.

UNKNOWN LACROSSE, et al.,

    Defendant.

_____/

Case No. 2:17-cv-79

Hon. Janet T. Neff
U.S. District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

This is a civil rights action brought by state prisoner Michael Malott pursuant to 42 U.S.C. § 1983. Malott asserts that Defendants Unknown Lacrosse, Unknown Derry, and Unknown Isard violated his Eighth Amendment rights.[1]

On March 27, 2019, Defendants filed a motion for summary judgment and assert that they are entitled to qualified immunity. (ECF No. 72.) Malott filed responses on April 26, 2019. (ECF No. 77.) In a reply, Defendants argued that they were entitled to summary judgment because Malott did not submit any admissible evidence in his response brief to create a question of fact. (ECF No. 80.) The Court

---

[1] The undersigned notes that Malott also appears to assert a Fourteenth Amendment claim in his complaint. Neither party addresses this claim in their briefs. The claim is apparently based on the handling of Malott's grievances. But inmates do not have a due process right to an effective grievance procedure. *Walker v. Mich. Dep't. of Corr.*, 128 F. App'x. 441, 445 (6th Cir. 2005). In addition, Defendants did not argue that Malott failed to exhaust his administrative remedies. Therefore, to the extent Malott is still asserting a Fourteenth Amendment claim, that claim should be dismissed.

subsequently gave Malott a second chance to file a response that met the requirements of Fed. R. Civ. P. 56. He appeared to respond the Defendants' motion in a pleading filed on October 15, 2019. (ECF No. 105.)

Also before the Court are several motions filed by Malott. He has filed two motions to amend (ECF Nos. 88 and 93), a motion for injunctive relief (ECF No. 90), and a motion requesting to withdraw his motion for injunctive relief (ECF No. 106).

For the reasons stated below, the undersigned respectfully recommends that the Court grant Defendants' motion for summary judgment, deny Malott's motions, and dismiss this case.

## II. Factual Allegations

In his complaint, Malott alleges that he asked Defendant Lacrosse for protection on April 22, 2016 because he believed he was in danger of an inmate assault. Malott also claims that he gave Defendant Lacrosse a written request for protection. According to Malott, Defendant Lacrosse stated that he did not believe that Malott was in danger and did not think he was in danger.

Malott also alleges that he spoke with Defendants Derry and Lacrosse on April 25, 2016. Malott claims that Defendants Derry and Lacrosse refused to help him. Malott then spoke with Defendant Deputy Warden Isard on April 26, 2016. Malott alleges that Defendant Isard told him that he would consider a protection request if Malott could convince Defendant Lacrosse that protection was necessary. Malott alleges that he again requested protection from Defendants Derry and Lacrosse later

that same day. The next day, Malott was attacked by another inmate, which resulted in several stiches to his head.

### III. Procedural Posture

Malott filed his complaint on April 21, 2017. (ECF No. 1.) The case proceeded through discovery and, on July 24, 2018, Defendants moved to dismiss this case because Malott refused to let Defendants depose him. (ECF No. 34.) The Court denied Defendants' motion to dismiss, but ordered Malott to pay the costs of the court reporter. (ECF No. 43.)

On January 10, 2019, Malott filed a motion complaining about the discovery process and requesting that the Court dismiss his case. (ECF No. 57.) Based on Malott's motion, U.S. Magistrate Judge Timothy P. Greeley recommended that the case be dismissed. (ECF No. 59.) However, Malott filed an objection requesting that the Court not dismiss his case. (ECF No. 61.) The Court subsequently ordered Malott's motion to dismiss be withdrawn, and determined that Malott's objection to the Report and Recommendation was moot. (ECF No. 63.)

Following an adjournment of a settlement conference, Judge Greeley issued a new case management order extending the discovery and dispositive motion deadline. (ECF No. 68.) Malott later filed a motion for extension of time requesting that the Court further extend discovery and dispositive motion deadline. (ECF No. 71.) The undersigned granted Malott's motion on March 27, 2019. (ECF No. 74.)

On the same date, Defendants filed a motion for summary judgment. (ECF No. 72.) On April 26, 2019, Malott filed a two-page response in which he stated: "I want

3

this case to go to trial so I can prove my allegation true." (ECF No. 77, PageID.379.) On May 8, 2019, Defendants filed a reply, arguing that they were entitled to summary judgment because Malott did not submit any admissible evidence in his response brief to create a question of fact. (ECF No. 80.)

On June 14, 2019, Malott filed a motion to compel the production of his CSJ-686 forms. (ECF No. 82.) The Court granted Malott's motion on June 28, 2019. (ECF No. 84.) Malott then filed several additional motions including two motions to amend seeking to add protective custody placement as a part of his requested relief (ECF Nos. 88 and 93), and a motion requesting the MDOC to place him in protective custody. (ECF No. 93.)

On September 27, 2019, the undersigned issued an order giving Malott a "second chance" to properly support his allegations with admissible evidence and/or citations to other materials in the record. (ECF No. 102.) On October 15, 2019, Malott filed another two-page response requesting "that this Court allow this case to proceed to trial so I can prove what they did to me." (ECF No. 105.)

IV.    **Summary Judgment Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one

4

party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

V. Analysis

    a. Eighth Amendment

The Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of a crime. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981); *Trop v. Dulles*, 356 U.S. 86, 101 (1958). The Eighth Amendment also prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes*, 452 U.S. at 346. Among unnecessary and wanton infliction of pain are those that are "totally without penological justification." *Id.*

A failure to protect claim under the Eighth Amendment has an objective and a subjective component. *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001). To satisfy the subjective component, the inmate must allege that (1) "'the official being sued subjectively perceived facts from which to infer a substantial risk to the prisoner,' (2) the official 'did in fact draw the inference,' and (3) the official 'then disregarded that risk.'" *Richko v. Wayne Cnty.*, 819 F.3d 907, 915-16 (6th Cir. 2016) (quoting *Rouster*

5

*v. City of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014)). To satisfy the objective component, an inmate must show that he was "incarcerated under conditions posing a substantial risk of serious harm." *Curry*, 249 F.3d at 506 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

In this case, Defendants – in sworn affidavits – state that Malott never informed them that he was in danger or feared for his safety. (ECF Nos. 72-2, 72-3, 72-4.) In addition, Defendants state that if Malott had told them that he was in danger, they would have immediately taken Malott to temporary segregation for his protection, filled out a CSJ-686 Request for Protection form, investigated the matter, and referred the investigation to the Security Classification Committee. But because Malott never informed them that he was in danger or feared for his safety, this protocol was never followed.

Malott filed a response claiming that he did ask for protection and that he wants to prove his case at trial. (ECF No. 77.) However, Malott failed to comply with Fed. R. Civ. P. 56(c)(1), which requires a party to cite to specific materials of the record to support a factual assertion. The rule provides that a party "must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

Because Malott is proceeding *pro se*, the undersigned gave Malott a "second chance" by permitting him to file a "supplemental response to support his allegations

with admissible evidence and/or citations to other materials in the record." (ECF No. 102, PageID.483.) The Order explicitly stated: "[Malott] wants to prove his case at trial. But Malott must first get past summary judgment by showing that there is a genuine issue of material fact. Fed. R. Civ. P. 56(a). At the summary judgment stage, Malott cannot simply rely on conclusory allegations in his complaint. *Warf v. U.S. Dep't of Veterans Affairs*, 713 F.3d 874, 878 (6th Cir. 2013)." (ECF No. 102, PageID.482-483.) Despite this Order, Malott filed a one-and-a-half-page supplemental brief that was similar to his initial response. (ECF No. 105.) He states that he wants to prove his case at trial and did not submit any admissible evidence or cite to materials in the record.

As stated in the previous order, Malott must first get past summary judgment before attempting to prove his case at trial. Defendants state that Malott never requested protection. Malott has failed to properly support his allegation that he did ask for protection from each Defendant.[2] Therefore, the undersigned finds that there is no genuine issue of material fact as to whether Defendants (1) subjectively

---

[2]   The undersigned also wishes to note that Malott's complaint does not constitute a "verified" complaint because it did not include a declaration that complied with the requirements of 28 U.S.C. § 1746. A "verified" complaint carries the same weight as would an affidavit for the purposes of summary judgment. *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008).  But a declaration that does not substantially meet the requirements of Section 1746 may not be relied upon for purposes of responding to a motion for summary judgment. *See, e.g., Sanford v. Mullins,* No. 1:16-CV-1431, 2019 WL 5006034, at *4 (W.D. Mich. Sept. 23, 2019) (rejecting "homespun" declaration), *report and recommendation adopted,* No. 1:16-CV-1431, 2019 WL 4986101 (W.D. Mich. Oct. 8, 2019).

perceived facts from which to infer a substantial risk to Malott; (2) did in fact draw the inference; and (3) disregarded that risk. *Richko,* 819 F.3d at 915. Because Malott has failed to show that a genuine issue of material fact exists, the undersigned respectfully recommends that the Court grant Defendants' motion for summary judgment.[3]

### b. Qualified Immunity

Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

"Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). In making a qualified

---

[3] The undersigned also notes that Malott has had ample opportunity to obtain admissible evidence through discovery. Malott filed his complaint in April 2017, and the Court has extended the discovery deadline multiple times. Moreover, Malott has filed several motions to compel discovery, and the Court has ordered Defendants to produce some of the requested documents.

immunity determination, the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 232. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. *Id.* The court may consider either approach without regard to sequence. *Id.* Because the undersigned finds that there was no constitutional violation, Defendants are entitled to qualified immunity.

## VI.   Other Motions

As noted above, Malott has filed four additional motions that are pending before the Court. Malott filed two motions to amend his complaint in which he requests to add protective custody placement to his requested relief. (ECF Nos. 88 and 93.) Malott also filed a motion requesting the MDOC to place him in protective custody (ECF No. 90) and then a motion requesting to withdraw that motion "due to no need for it any longer" (ECF No. 106). As described above, Defendants are entitled to summary judgment and the undersigned recommends that this case be dismissed. In addition, these motions do not affect whether Defendants are entitled to summary judgment. Because this case should be dismissed, the undersigned respectfully recommends that Court deny Malott's motions as moot.

## VII. Recommendation

Accordingly, the undersigned respectfully recommends that the Court grant Defendants' motion for summary judgment (ECF No. 72), deny as moot Malott's motions (ECF Nos. 88, 90, 93, and 106), and dismiss this case.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: December 27, 2019

                                         /s/ *Maarten Vermaat*
                                         MAARTEN VERMAAT
                                         U.S. MAGISTRATE JUDGE